**JUDGE JONES**

Gregory G. Barnett (GGB-3751)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

**08 CV 5229**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY
a/s/o GREGORY P. MICHAEL

        Plaintiff

-against-

M/V CIAO BELLA, her engines, boilers,
tackle, apparel, etc., *in rem*, and JACK
MARTINO, *in personam*,

        Defendants,
------------------------------------------------------X

2008 Civ.

**COMPLAINT**

Plaintiff, ACE AMERICAN INSURANCE COMPANY (hereinafter "ACE"), by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

**PARTIES**

1. At all material times, ACE, was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor New York, New York 10005 and was at all material times the insurer of Gregory Michael, owner of a 1987 35 foot Viking yacht.

2.  At all material times, Gregory Michael was the owner of a 1987 35 foot Viking yacht recreational sporting vessel (hereinafter "vessel") with hull identification number VKY35123K687.

3.  At all material times, Defendant, JACK MARTINO was and is the owner and operator of the M/V CIAO BELLA, a 50 foot Viking motor yacht recreational sporting vessel.

### JURISDICTION

4.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

### FACTS

5.  On or about September 23, 2007, Mr. Michael's vessel was docked at Matthews Restaurant at Fire Island.

6.  At approximately 1600 hours, the M/V CIAO BELLA passed the dock at Matthews Restaurant outside of the marked channel. The speed at which the M/V CIAO BELLA passed the dock created a large wake which caused Mr. Michael's vessel to hit the pilings.

7.  Due to the collision between Mr. Michael's vessel and pilings, the vessel sustained damages.

8.  The damages sustained to the vessel were not the result of any act or omission of the plaintiff, but rather to the contrary, was due solely as the result of the negligence, fault, neglect, and gross negligence of the defendants.

9. At all times relevant hereto, a contract of insurance for property damage was in effect between Gregory Michael and ACE, which provided coverage for, among other things, loss or damage to the vessel.

10. Pursuant to the aforementioned contract of insurance between Gregory Michael and ACE, monies have been expended on behalf Gregory Michael, to the detriment of ACE due to the collision between vessel and the pilings.

11. As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, ACE has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

12. ACE brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and ACE is entitled to maintain this action.

13. By reason of the foregoing, ACE has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $9,582.11.

14. Plaintiff has a maritime lien against the M/V CIAO BELLA for the damages referred to herein and will enforce that lien in these proceedings.

15. All and singular the matters alleged herein are true and correct. ACE reserves the right to amend and supplement this complaint, as further facts become available.

WHEREFORE, ACE prays:

1. In rem service of process be issued against the M/V CIAO BELLA, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The M/V CIAO BELLA, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3. The Court order, adjudge and decree that defendants JACK MARTINO and the M/V CIAO BELLA be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
June 6, 2008
230-34

CASEY & BARNETT, LLC
Attorneys for ACE

By: *[signature]*
Gregory G. Barnett (GGB-3751)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225